UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---------------------------------------------------------- x
HOLLY DENTON, on behalf of herself and : Case No.: 8:17cv2953 T 33 TBM
others similarly situated, :
: Class Action
Plaintiff, :
: Jury Trial Demanded
vs. :
:
RECEIVABLES PERFORMANCE :
MANAGEMENT, LLC :
:
Defendant. :
:
---------------------------------------------------------- x

**Nature of this Action**

1.  Holly Denton ("Plaintiff") brings this class action against Receivables Performance Management, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d.

2.  Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and artificial or prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*\*\*\*\*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

1

3. Upon information and belief, Defendant routinely violates the TCPA by using an automatic telephone dialing system or an artificial or prerecorded voice to place non-emergency telephone calls to consumers' cellular telephone numbers without prior express consent, in that Defendant routinely dials wrong or reassigned telephone numbers that do not belong to the intended recipients of the calls.

4. Section 1692d of the FDCPA provides, in pertinent part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

5. Upon information and good faith belief, Defendant violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it attempts to collect debts by repeatedly dialing the wrong person.

## Jurisdiction

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

7. Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendant transacts business in this district, Plaintiff resides in this district, and as a substantial part of the events giving rise to this action occurred in this district.

## Parties

8. Plaintiff is a natural person who, at the time she received the calls at issue from Defendant, resided in Auburndale, Florida.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Defendant is a debt collection company based in Washington.

11. Defendant states that it "is a national leader in accounts receivable management."[1]

12. Defendant states that it "offers a wide variety of professional receivables management services," including "Telemarketing Services."[2]

13. Defendant contracts with outside vendors for services including "Predictive Dialer services."[3]

14. Defendant has a public Utility Commission of Texas Automatic Dial Announcing Device permit, no. 060353, which it first obtained in 2006 and last renewed in 2017.[4]

15. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

16. In an attempt to contact a third party unknown to Plaintiff named "Larry" for the purpose of attempting to collect a debt in default, Defendant placed numerous calls to cellular telephone number (863) 398-xxxx—a number for which Plaintiff is the subscriber and customary user.

17. Defendant began placing calls to Plaintiff's cellular telephone number in approximately September 2017.

18. By way of example, Defendant placed calls to Plaintiff's cellular telephone number on September 8, 2017, September 11, 2017, September 12, 2017, September 13, 2017, September 14, 2017, September 15, 2017, September 18, 2017, September 21, 2017, September 22, 2017,

---

[1] http://www.receivablesperformance.com/ (last visited Dec. 4, 2017).

[2] http://www.receivablesperformance.com/services/ (last visited Dec. 4, 2017).

[3] http://receivablesperformance.com/vendor-info/ (last visited Dec. 4, 2017).

[4] *See* https://www.puc.texas.gov/industry/communications/directories/adad/report_adad.aspx?ID=ADSQL01DB1245385900003 (last visited Dec 4, 2017).

September 24, 2017, September 25, 2017, September 26, 2017, September 27, 2017, September 28, 2017, September 29, 2017, October 2, 2017, October 3, 2017, October 4, 2017, October 5, 2017, and October 6, 2017.

19. On many of the above-referenced days, Defendant placed multiple calls to Plaintiff's cellular telephone number.

20. Upon information and good faith belief, Defendant's records will show additional calls it placed to Plaintiff's cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

21. Defendant placed its calls to Plaintiff's cellular telephone number from (425) 412-2559—a telephone number assigned to Defendant.

22. Defendant placed all of the above-referenced calls in an effort to contact and collect a debt allegedly owed by a third party named Larry, unknown to Plaintiff.

23. Plaintiff spoke to Defendant on at least two occasions, and informed Defendant that she was not Larry, did not know Larry, and that Defendant should stop calling her.

24. Despite that Plaintiff informed Defendant that it was calling the wrong number, Defendant continued to place calls to Plaintiff's cellular telephone number.

25. Upon information and good faith belief, and in light of the number, character and nature of the calls, Defendant placed its calls to Plaintiff's cellular telephone number using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

26. Upon information and good faith belief, and in light of the number, character and nature of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC

characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

27.     Upon information and good faith belief, and in light of the number, character and nature of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

28.     As touted on its website, Defendant utilizes predictive dialing technology when placing outbound calls in attempts to collect debts.

29.     Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiff's cellular telephone number.

30. Defendant did not have Plaintiff's prior express consent to make any calls to her cellular telephone number.

31. Rather, Defendant was attempting to reach a third party who is unknown to Plaintiff, for the purpose of collecting a debt in default.

32. Plaintiff never provided her cellular telephone number to Defendant.

33. Plaintiff never had any business relationship with Defendant.

34. Defendant did not place any calls to Plaintiff's cellular telephone number for emergency purposes.

35. Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

36. Upon information and good faith belief, Defendant placed the calls at issue to Plaintiff willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

37. Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system or an artificial or prerecorded voice to place the calls at issue to Plaintiff.

38. Plaintiff suffered harm as a result of Defendant's telephone calls to her cellular telephone number in that she suffered an invasion of her privacy, an intrusion into her life, and a private nuisance.

39. Additionally, the unwanted calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

**Class Action Allegations**

40. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and two classes of similarly situated individuals:

*TCPA Class*

All persons and entities throughout the United States (1) to whom Receivables Performance Management, LLC placed, or caused to be placed, more than one call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient Receivables Performance Management, LLC's calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from four years before the date of this complaint through and including the date of class certification.

*Debt Collection Class*

All persons throughout the United States (1) to whom Receivables Performance Management, LLC placed, or caused to be placed, calls, (2) from one year prior to the date of this complaint through and including the date of class certification, (3) and in connection with the collection of a consumer debt that the called party did not owe.

Excluded from the classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

41. The proposed classes are so numerous that, upon information and belief, joinder of all members is impracticable.

42. The exact number of members of the classes is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

43. The proposed classes are ascertainable because they are defined by reference to objective criteria.

44. In addition, and upon information and belief, the cellular telephone numbers of all members of the classes can be identified in business records maintained by Defendant and third parties.

45. Plaintiff's claims are typical of the claims of the members of the classes because all of the class members' claims originate from the same conduct, practice and procedure on the part of

7

Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

46. Like all members of the proposed TCPA Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system at a wrong or reassigned cellular telephone number, without her consent, in violation of 47 U.S.C. § 227.

47. Further, like all members of the proposed Debt Collection Class, Plaintiff received telephone calls from Defendant in connection with the collection of a consumer debt that she did not owe.

48. Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

49. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the classes that she seeks to represent.

50. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

51. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

52. There will be little difficulty in the management of this action as a class action.

53. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to each class.

54. Among the issues of law and fact common to the classes are:

    a. Defendant's use of an automatic telephone dialing system;

    b. Defendant's practice of making calls to wrong or reassigned cellular telephone numbers;

    c. Defendant's practice of attempting to collect debts that consumers do not owe;

    d. Defendant's status as a debt collector as defined by the FDCPA; and

    e. the availability of statutory damages.

55. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

56. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 55.

57. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place telephone calls to Plaintiff's cellular telephone number, without her consent.

58. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the TCPA Class are entitled to damages in an amount to be proven at trial.

### Count II: Violations of 15 U.S.C. § 1692d

59. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 55.

60. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of consumer debts.

61. Defendant did so by repeatedly dialing Plaintiff's cellular telephone number for the purpose of attempting to collect a debt that Plaintiff did not owe.

### Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, from placing calls to consumers' cellular telephone numbers by using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the consumers, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Adjudging that Defendant violated 15 U.S.C. § 1692d, and enjoining Defendant from further violations of 15 U.S.C. § 1692d with respect to Plaintiff and the other members of the Debt Collection Class;

(d) Awarding Plaintiff and members of the TCPA Class actual damages, or statutory damages under 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(e) Awarding Plaintiff and members of the Debt Collection Class statutory damages under the FDCPA;

(f) Awarding Plaintiff and members of the classes their reasonable costs, expenses, including expert fees, and attorneys' fees incurred in this action, under 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

(g) Awarding other and further relief as the Court may deem just and proper.

Dated: December 5, 2017

/s/ Michael L. Greenwald
Michael L. Greenwald
James L. Davidson
Jesse S. Johnson
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Aaron D. Radbil
GREENWALD DAVIDSON RADBIL PLLC
106 E. 6th Street, Suite 913
Austin, TX 78701
Telephone: 512.322.3912
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes